IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LISA McCLENDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:11-CV-1018-WKW |
| ) | [WO] |
| LIBERTY NATIONAL LIFE ) | |
| INSURANCE COMPANY, ) | |
| SAMI NIZAM, TORCHMARK ) | |
| CORPORATION, and ) | |
| PATTI HERRING, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court are Defendants' motion (Doc. # 25) to dismiss for failure to state claim or, in the alternative, for summary judgment, as well as Plaintiff's motion (Doc. # 27) to amend her complaint. Defendants opposed Plaintiff's effort to amend her complaint (Doc. # 28), and Plaintiff filed a response opposing Defendants' motion to dismiss and replying to Defendants' opposition to her motion to amend (Doc. # 30). After careful consideration of the arguments of counsel, the appropriate law, and the allegations set forth in the complaint, Defendants' motion for summary judgment is due to be granted in part and denied in part, while Plaintiff's motion to amend is due to be denied.

## I. JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over Plaintiff's ERISA claim pursuant to 28 U.S.C. § 1331 and § 1441(b). The controversy between Plaintiff and Defendants involves one or more federal questions under the Employee Retirement Income Security Act of 1974 ("ERISA"), over which the court has original jurisdiction pursuant to 29 U.S.C. § 1132(e). Personal jurisdiction and venue are not contested, and allegations sufficiently support both. The court addresses jurisdictional questions regarding Plaintiff's claim under state law in Part III.B.

## II. STANDARD OF REVIEW

**A.**   <u>**Motion to Dismiss for Failure to State a Claim**</u>

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the legal standard articulated by Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss brought under Rule 12(b)(6), a complaint must contain sufficient factual allegations, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While detailed factual allegations are unnecessary, the standard demands something "more than labels and conclusions," something beyond a "formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S.

at 555. It is not enough for a plaintiff to allege that she is entitled to relief; she must plead facts that "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

B. <u>**Motion for Summary Judgment**</u>

To succeed on summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence and the inferences from that evidence in the light most favorable to the nonmovant. *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010). The court should grant the motion if the pleadings, together with supporting materials in the record, show that the movant is entitled to judgment as a matter of law. *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id.* If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish – with evidence beyond the pleadings – that a genuine dispute material to each of its claims for relief exists. *Id.* at 324.

A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable factfinder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001). The modern standard requires more than a "mere scintilla" of favorable evidence. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (internal quotation marks omitted). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and do not preclude summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 (11th Cir. 1997) (*per curiam*).

C.  **Motion to Amend the Pleadings**

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to a complaint. As a matter of course, a party may amend a pleading to which a responsive pleading is required once within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).[1] Otherwise, a party wishing to amend its

---

[1] Though the distinction is unimportant for this case, Defendants misstated the standard for a motion to amend complaint, referencing the version of Rule 15 that preceded the 2009 amendments. (Doc. # 28 ¶ 1.) Service of a responsive pleading no longer immediately

4

pleadings before trial must seek the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(2). Though "[t]he court should freely give leave when justice so requires," *id.*, the court may deny a motion to amend on the grounds that amendment would be futile to the claim's survival. *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006).

### III. BACKGROUND

Viewing the evidence and the inferences from that evidence in the light most favorable to the Plaintiff, as the court must do when considering a motion for summary judgment, *Jean-Baptiste*, 627 F.3d at 820, the pertinent factual background is as follows.

Plaintiff Lisa McClendon worked as a field agent with Defendant Liberty National Life Insurance Company ("Liberty") for ten years. (Doc. # 1 ¶ 5.) Plaintiff held her position subject to an employment contract. (Doc. # 23, Ex. 1.) That contract included a provision which read, "**YOUR EMPLOYMENT MAY BE TERMINATED BY YOU OR BY THE COMPANY AT ANY TIME**." (Doc. # 23, Ex. 1 ¶ 9) (emphasis in original). The three paragraphs covering termination in the contract included no other information regarding when or on what terms Plaintiff could be terminated.

---

terminates the right to amend.

As part of her employee benefits package, Plaintiff had both a short-term medical disability policy and a long-term medical disability policy. (Doc. # 1 ¶¶ 8, 14.) Defendant Torchmark Corporation ("Torchmark") is the policyholder for the long-term plan, while Standard Insurance Company ("Standard") issued the policy. Standard was also the third party claims administrator for the short-term plan. (Doc. # 23, Ex. 6 at 17.) Plaintiff has filed a motion to amend her complaint to add Standard – not currently a party to this case – as a defendant. (Doc. # 23, Exs. 4, 5.)

As of March 2011, Plaintiff was medically disabled and limited in her activities as a field agent. (Doc. # 1 ¶ 6.) Plaintiff alleges that Defendant Patti Herring refused Plaintiff her benefits under the short-term policy, violating the plan's provisions. (Doc. # 1 ¶ 10.) Similarly, Plaintiff alleges that she is entitled to benefits under the long-term plan but has yet to receive them. (Doc. # 1 ¶ 14.)

Both plans are subject to the provisions of ERISA. (Doc. # 23, Ex. 4 at 2, Ex. 6 at 1.) Each plan has specific administrative procedures for filing claims and seeking review of decisions made on those claims. (Doc. # 23, Ex. 4 at 17–18, Ex. 6 at 13–15.) Plaintiff makes no allegations regarding whether she filed claims in accordance with the procedure required by the plans. Plaintiff does, however, allege that she did not receive the benefits to which she was entitled under each plan. (Doc. # 1 ¶ 16.)

## IV.  DISCUSSION

Defendants argue that Plaintiff's complaint is subject to dismissal pursuant to Rule 12(b)(6) and 12(b)(7).  (Doc. # 25.)  In the alternative, they move for summary judgment under Rule 56, arguing that there is no genuine dispute as to any material fact.  *Id.*

Where, as here, a defendant files a motion for summary judgment in the alternative to a motion to dismiss, it is unnecessary to convert the motion to dismiss under Rule 12(d) of the Federal Rules of Civil Procedure to consider matters outside the pleadings.  Converting a motion to dismiss under such circumstances would render the alternative motion for summary judgment superfluous.  *Ventrassist Pty Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d 1278, 1286 n.7 (S.D. Fla. 2005).  The court will consider matters outside the pleadings in conjunction with Defendants' alternative summary judgment motion.  Because summary judgment is appropriate for Plaintiff's ERISA claim, the court does not reach the motion to dismiss on that claim.

**A.     ERISA Claim**

Because there is no dispute of material fact as to whether Plaintiff exhausted the requisite administrative remedies under the terms of both the short and long-term disability plans before filing this suit, Defendants are entitled to judgment as a matter of law.  The Summary Plan Descriptions for each policy make clear that both policies

have specific administrative procedures both for filing a claim and for appealing denial of a claim. (Doc. # 23, Ex. 4 at 17–18, Ex. 6 at 13–15.) Exhausting administrative remedies is a strict prerequisite to filing suit in this Circuit and under the terms of the policies. *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000); (Doc. # 23, Ex. 4 at 20, Ex. 6 at 12). Plaintiff exhausted the procedures for neither her short-term disability policy nor her long-term disability policy and thus has no cause of action under ERISA.

### 1. Short-term Disability Claim

The record shows that Plaintiff did file a short-term disability claim, which Standard denied on August 10, 2011 (Doc. # 24, Ex. 1.), but Plaintiff never appealed the denial via the specific administrative procedures set forth in the plan. (Doc. # 24 ¶ 12, Exs. 1–5.) In e-mails to a disability benefits examiner employed by Standard, Plaintiff exhibited an understanding of the necessary steps for appeal. On August 18, 2011, she wrote, "[D]oes [sic] the appeal, the medical not reviewed and the letter all need to be sent at the same time?" (Doc. # 24, Ex. 2.) The benefits examiner responded affirmatively, instructing Plaintiff to send her request-for-review letter accompanied by additional medical evidence. *Id.* Plaintiff's last communication with Standard, an e-mail dated August 24, 2011, requested additional information from Standard regarding both the short- and long-term disability plans. (Doc. # 24, Ex. 5.)

These e-mails support an inference that Plaintiff intended to appeal the determination, but her intention does not amount an actual exhaustion of the available administrative remedies. Despite the examiner's instructions and the policy's consistent procedures as outlined in the Summary Plan Description, Plaintiff did not file an appeal with Standard. (Doc. # 24 ¶12.)

In her opposition to Defendants' motion, Plaintiff asserts that she "request[ed] . . . reconsideration" of the short-term disability benefits determination on July 22, 2011. (Doc. # 30 at 2, Ex. 1.) She also indicates that she sent additional medical records supporting her claim on August 8, 2011. (Doc. # 30 at 2, Ex. 2.) Standard did not deny Plaintiff's claim, however, until August 10, 2011. Even assuming a request for reconsideration in an e-mail would satisfy the plan's required claims procedure for filing an appeal, the communications to which Plaintiff points came *before* Standard denied Plaintiff's claim.

Next, Plaintiff asserts that she "requested an appeal" via e-mail to Patti Herring on August 26, 2011, after she received her denial. (Doc. # 30 at 2.) Review of the e-mail, however, reveals only that Plaintiff "request[ed] a meeting" with Defendant Herring, "in person and not by phone." The Summary Plan Description provides that appeals must "be sent to the address specified in [the] claim denial" within 180 days of receiving notice of the claim denial. (Doc. # 23, Ex. 6 at 14.) This comports with

9

the instructions the benefits examiner gave Plaintiff days after she received her denial. An e-mailed request for an in-person meeting – like the pre-denial e-mails requesting reconsideration – does not amount to an appeal under the policy's specified procedures. Because Plaintiff failed to file a proper administrative appeal, she did not exhaust her remedies for the denial of her short-term disability claim.

### 2. Long-term Disability Claim

Plaintiff's cause of action resting on her entitlement to long-term disability benefits fails because the record indicates Plaintiff never filed a proper claim for long-term benefits. Put simply, Plaintiff did not exhaust her administrative remedies because she never properly initiated the administrative process for a claim. The Summary Plan Description for Plaintiff's long-term disability plan lays out the requirements for filing a long-term benefits claim. Among the requirements, claimants must use specific forms provided by Standard. (Doc. # 24, Ex. 4 at 17.) If a claimant requests the forms and does not receive them within fifteen days, the claimant may then submit her claim in a letter. (Doc. # 24, Ex. 4 at 17.) "The letter should include the date the disability began, and the cause and nature of the disability." (Doc. # 24, Ex. 4 at 17.)

First, though Standard received an employer statement from Liberty indicating that Plaintiff intended to file a long-term disability claim, that statement does not

represent an actual claim filed by Plaintiff. (Doc. # 24, Ex. 6.) It did not come from Plaintiff. It was not on one of Standard's form. It did not take the form of a letter and lacked the necessary information regarding when the disability began and its cause and nature. Plaintiff asserts in her opposition to the motion for summary judgment that this form represented her claim for long-term disability benefits (Doc. # 30 at 2), but allowing an employer's statement to constitute a claim stands contrary to the clear language of the policy terms. Last, assuming that the employer statement *was* a claim on Plaintiff's behalf, the inescapable conclusion based on Plaintiff's complaint is that she believed Standard denied her claim. If so, the appropriate response was to seek administrative review of that denial before resorting to action in court.

Plaintiff correctly points out that published procedures indicate that Standard will initiate long-term disability benefits claims for some beneficiaries. The language that Plaintiff points to, however, applies on its face only to those receiving short-term disability benefits. (Doc. # 30, Ex. 5 at 2.) Standard denied Plaintiff's claim for short-term benefits, a fact of which she was well aware. (Doc. # 24, Ex. 5.) Thus, based on the terms of the long-term policy's Summary Plan Description, Plaintiff had to file a separate claim, and as shown above, the employer statement did not suffice.

Not only did plaintiff fail to properly file a long-term disability claim, she was ineligible to receive long-term benefits. Claimants must receive at least 180 days of

11

short-term disability to fulfill the 180-day benefits waiting period required for long-term disability benefits. (Doc. # 24, Ex. 4 at 2.) When Standard denied Plaintiff's claim for short-term benefits, she had received fewer than 180 days of benefits. (Doc. # 24 ¶ 13.)

No exceptional circumstances exist here justifying a caveat to the strict exhaustion requirement. *See Perrino*, 209 F.3d at 1315 (acknowledging exceptions to the exhaustion requirement based on futility of administrative remedies and denial of meaningful access to review scheme). Because Plaintiff has failed to meet the exhaustion requirement for both her short- and long-term disability benefits claims, Defendants are entitled to judgment as a matter of law.

### 3. Defined Contribution Plan

Finally, Plaintiff's complaint references her Defined Contribution Plan and alleges that Defendants withheld the funds therein after her termination. As shown by the Affidavit of Defendant Patti Herring (Doc. # 23 ¶ 4), Plaintiff filed her benefit election form for her Defined Contribution Plan on July 5, 2012, one week after she filed her Amended Complaint in this court. She then asked that Liberty "roll over" the balance of the Defined Contribution Plan to another company. (Doc. # 23, Ex. 3.) Liberty complied on July 11, 2012. (Doc. # 23 ¶ 5.) To the extent this may have been part of Plaintiff's ERISA claim, the claim is now moot.

### B.  Claim for Wrongful Termination

Plaintiff also asserts a second count in her complaint for "wrongful discharge." She does not cite or appear to rely on any statutory cause of action for wrongful discharge, federal or state. The court is left to assume that she asserts a state-law claim for wrongful discharge.

Without federal question jurisdiction under 28 U.S.C. § 1331 or another federal claim on which to rest subject matter jurisdiction under 28 U.S.C. § 1367, the only possible basis for this court's jurisdiction over plaintiff's claim for wrongful discharge is diversity jurisdiction under 28 U.S.C. § 1332. Based on Plaintiff's amended complaint and Defendants' notice of removal, the court is unable to determine the citizenship of Defendants Torchmark and Patti Herring. Thus, the parties should show cause why this court should not remand this matter to state court for resolution of Plaintiff's state-law claim for wrongful discharge. The court will not consider Defendants' motion as it pertains to that claim before resolving the jurisdictional question. Accordingly, the court denies Defendants' motion to dismiss as to the wrongful discharge with leave to re-file if the court has subject matter jurisdiction.

### C.  Futility of Amending the Complaint

Defendants moved for dismissal under Rule 12(b)(7) of the Federal Rules of

Civil Procedure based on Plaintiff's failure to join Standard, which Defendant argues is an indispensable party for Plaintiff's ERISA claim. (Doc. # 25.) Plaintiff responded by moving to amend her complaint to add Standard as a defendant. (Doc. # 27.) The court need not reach the questions of whether Standard is an indispensable party or whether amendment is appropriate.

Amending the complaint to add Standard would be futile, and futility is a proper ground for denying Plaintiff's motion to amend. *Fla. Evergreen Foliage*, 470 F.3d at 1041. Defendants argue that Standard's presence is only indispensable with respect to Plaintiff's ERISA claim, not her wrongful discharge claim. Because that claim fails on the grounds set forth above, wholly independent from Standard's presence or absence in the suit, adding Standard at this point – assuming it is in fact an indispensable party – would not prevent Plaintiff's ERISA claim from meeting the same fate the claim has met in Standard's absence.

### IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Doc. # 25) is GRANTED in part and DENIED in part as follows:

(1) With regard to Plaintiff's ERISA claims, the court GRANTS summary judgment on behalf of Defendants (Count I);

(2) The motion is otherwise DENIED.

It is further ORDERED that Plaintiff's Motion for Leave to Amend (Doc. # 27) is DENIED.

It is further ORDERED that Defendants SHOW CAUSE on or before **October 23, 2012**, why this matter should not be remanded to state court. Plaintiff shall file a response on or before **October 30, 2012**. Defendants may file a reply on or before **November 6, 2012**.

DONE this 16th day of October, 2012.

                                        /s/ W. Keith Watkins
                             CHIEF UNITED STATES DISTRICT JUDGE